UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:03CR486 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge John R. Adams |
| CALVIN CAVER, | ) | |
| | ) | ORDER |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Defendant Calvin Caver's motion for imposition of a reduced sentence under the First Step Act. Doc. 788. In order to facilitate review of that motion, Caver's motions to withdraw his prior motion to withdraw (Docs. 827 and 829) and his motion to reinstate his motion for a sentence reduction (Doc. 844) are GRANTED. Upon review, the motion for a sentence reduction (Doc. 788) is DENIED.

On December 21, 2018, the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (the "First Step Act") was signed into law. The First Step Act "modified prior sentencing law and expanded vocational training, early-release programs, and other programming designed to reduce recidivism." *United States v. Simmons*, 375 F.Supp. 3d 379, 385, No. 07-CR-00874, 2019 WL 1760840, at *4 (E.D.N.Y. Apr. 22, 2019). In Section 404 of the First Step Act, Congress made the Fair Sentencing Act's statutory changes for crack cocaine offenses retroactive to defendants who were sentenced before August 3, 2010. First Step Act of 2018, Pub. L. No. 115-319, § 404, 132 Stat. 5194 (2018). Accordingly, defendants who were convicted before August 3, 2010 of a crack

cocaine offense for which the Fair Sentencing Act reduced their statutory penalties are now eligible for consideration of a reduced sentence. First Step Act of 2018, Pub. L. No. 115-319, § 404(a), (b), 132 Stat. 5194 (2018). Whether to reduce the sentence of an eligible defendant, however, is left to the sentencing court's discretion. *Id*. at § 404(c). No reduction is required. ("Courts retain discretion to deny motions of otherwise eligible offenders, and the First Step Act does not 'require a court to reduce any sentence.'" *United States v. Mason*, No. 2:04-CR-00209-RHW-1, 2019 WL 2396568, at *2 (E.D. Wash. June 6, 2019) (quoting First Step Act, § 404(c)). Instead, "[t]he First Step Act now permits the Court to exercise the full range of its discretion consistent with the Section 3553(a) factors." *United States v. Bean*, No. 1:09-CR-143, 2019 WL 2537435, at *6 (W.D. Mich. June 20, 2019).

The Government disputed Caver's eligibility for a reduction in its opposition. Subsequent to that filing, both the Sixth Circuit and the Supreme Court have issued rulings that appear to support Caver's contention that he is eligible. *See Terry v. United States*, 141 S.Ct. 1858 (2021); *United States v. Boulding*, 960 F.3d 774 (6th Cir. 2020).

> It also is clear that a defendant's eligibility is determined solely by qualifying under the First Step Act's definition of a covered offense and is not conditioned on a corresponding decrease in the applicable guidelines sentencing range. *See Thompson*, 2019 WL 4040403 *11 n.6 (citing *United States v. Garrett*, 2019 WL 2603531, *3 (S.D. Ind. June 25, 2019)) (rejecting the government's contention that relief should be denied where application of the career offender guidelines continued to produce the same sentencing range of 360 months to life and opining that "[t]he fact that Mr. Garrett's guideline range remains unchanged does not foreclose a reduction of his sentence, at least not where he was sentenced to the mandatory minimum and the mandatory minimum sentence was thereafter reduced by section 2 of the Fair Sentencing Act.") (citing *United States v. Bean*, No. 1:09-cr-143, 2019 WL 2537435, at *5–6 (W.D. Mich. June 20, 2019)); *accord United States v. Biggs*, 2019 WL 2120226, *3-4, 7 (N.D. Ill. May 15, 2019) (same); *United States v. Hadley*, 389 F. Supp.3d 1043, 1048 (M.D. Fla. 2019) (granting First Step

2

> Act motion notwithstanding unchanged career offender guidelines sentencing range of 360 months to life); *United State v. Payton*, 2019 WL 2775530, *4-5 (E.D. Mich. July 2, 2019) (granting First Step Act relief where career offender guidelines sentencing range remained unchanged); *United States v. Clemon*, 2019 WL 6894130, *1 (D. S.C. Dec. 18, 2019) (granting relief where pre- and post-First Step Act guidelines sentencing range remained unchanged); *cf. United States v. Brandon*, 2019 WL 4139400, *3-4 (E.D. Mich. Aug. 30, 2019) (granting First Step Act relief notwithstanding presidential commutation of sentence that reduced it below the guidelines sentencing range applicable at First Step Act re-sentencing) (collecting cases). Thus, even assuming we are unable to re-examine defendant's career offender designation and he remains subject to the same career offender guidelines sentencing range, these sentencing factors are not legal barriers to awarding First Step Act relief.

*United States v. Frederick*, No. 2:07CR387, 2020 WL 555302, at *2 (W.D. Pa. Feb. 4, 2020). However, "[b]ecause (1) the Fair Sentencing Act did not modify the predicates necessary to trigger the mandatory life sentence, regardless of the quantity of drugs involved in the offense… Carter's mandatory minimum of life imprisonment would have been the same regardless of whether section 2 of the Fair Sentencing Act had been in effect in 2006… Accordingly, Carter remains subject to a mandatory life sentence even in light of the First Step Act, and the district court therefore correctly concluded that it did not have the authority to modify Carter's sentence." *United States v. Carter*, 792 F. App'x 660, 664 (11th Cir. 2019).

Herein, the Government argues "that Defendant is not eligible for relief under the First Step Act because the record confirms the quantity involved in the offense satisfies the higher thresholds of the 2010 Fair Sentencing Act—that is, more than 280 grams—which continues to be subject to punishment under Section 841(b)(1)(A). Because of Defendant's two prior felony drug convictions, he remains subject to a mandatory term of life imprisonment." Doc. 796 at 5. In other words, the Government argues that the factual predicates that triggered Caver's mandatory

3

term of life imprisonment were not altered by the Fair Sentencing Act. Caver does not dispute that the jury found him responsible for more than 500 grams of crack cocaine and that he had multiple prior drug convictions. "The implication of those determinations is that [Caver} was subject to the same mandatory penalty of life imprisonment after the Fair Sentencing Act of 2010 went into effect that he was prior to the effective date of the Fair Sentencing Act of 2010. That is to say, [Caver] remained squarely in the enhanced penalty category of 21 U.S.C. § 841(b)(1)(A)(iii) both before and immediately after the Fair Sentencing Act of 2010 was enacted." *United States v. Malone*, No. CR 98-0183-WS, 2020 WL 4721244, at *3 (S.D. Ala. Aug. 13, 2020); *see also United States v. Jones*, 962 F.3d 1290, 1304 (11th Cir. 2020)("The district court correctly concluded that it could not reduce Jackson's sentence because his drug-quantity finding meant that he would face the same statutory penalty of life imprisonment under the Fair Sentencing Act.").

As such, it appears that the Government is correct and that Caver remains subject to a mandatory term of life imprisonment and that this Court therefore lacks the discretion to reduce his sentence. However, assuming arguendo that the Court has the discretion to reduce Caver's already-reduced sentence[1], it would decline to do so.[2]

In his direct appeal, the Sixth Circuit noted as follows with respect to Caver:

The evidence is also sufficient to conclude that Defendant Caver knowingly agreed to become a member of the conspiracy. Witnesses at trial likewise testified about repeated, high-volume sales and purchases with Defendant Caver. Hall sold Defendant Caver one-ounce quantities numerous times during the relevant period.

---

1 Caver's life sentence was commuted to 240 months on January 18, 2017.
2 Caver offers no legal support for his contention that his Guideline range would become 168-210 months. In fact, in so calculating his range, Caver ignores the enhancements related to his prior drug convictions.

> Wilson, Ralph Jones, Jermaine Jones, Walker, McCristall, and Wylie also testified that they engaged in multiple transactions with Defendant Caver. Defendant Caver actively cooperated with Ralph Jones in efforts to evade the police, both by paying Jones to act as a "jump boy" and by photographing the neighborhood. These efforts were clearly designed to further the distribution of crack cocaine.

*United States v. Caver*, 470 F.3d 220, 235 (6th Cir. 2006). Moreover, "The jury concluded that the amount of drugs attributable to Defendants Abdullah and Caver under the conspiracy charge was at least 500 grams of crack cocaine but less than 1.5 kilograms of crack cocaine." *Id*. at 248 n.17.

Given the substantial quantity of drugs that the jury concluded that Caver was responsible for in the conspiracy and his multiple, prior drug convictions, a reduction from Caver's current 240-month sentence is not warranted. As such, upon review of the § 3553(a) factors, the Court declines to exercise its discretion and reduce Caver's sentence. Accordingly, Caver's motion to reduce his sentence is DENIED.

    IT IS SO ORDERED.


 August 4, 2021                                      /s/John R. Adams
Date                                                 JOHN R. ADAMS
                                                         UNITED STATES DISTRICT JUDGE